UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

LIHUA and MANUEL AREBALO,

                              Debtors.
----------------------------------------------------------------X
FRANK XU, ESQ.,

                    Appellant,

                                                    **ORDER**
          -against-                                 **10 CV 2025(SJF)**

UNITED STATES TRUSTEE,

                              Appellee.
----------------------------------------------------------------X
FEUERSTEIN, J.,

On March 29, 2010, appellant Frank Xu, Esq. ("appellant") filed in the United States

Bankruptcy Court for the Eastern District of New York ("the bankruptcy court") a notice of

appeal to this Court from an order of compensation entered in the bankruptcy court (Grossman,

U.S.B.J.) on March 19, 2010, which was transmitted to this Court on May 5, 2010. For the

reasons set forth below, the order of the bankruptcy court is affirmed.


I.      BACKGROUND

On or about June 3, 2009 ("the filing date"), debtors Lihua and Manuel Arebalo

(collectively, "debtors"), by appellant, their counsel in the bankruptcy proceeding, filed a

voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code in the

bankruptcy court entitled In re Lihua and Manuel Arebalo, no. 09-74046-reg ("the bankruptcy

1

proceeding"). On or about June 17, 2009, appellant filed a Chapter 13 Plan ("the Plan") on behalf of debtors in the bankruptcy proceeding. (Docket of the United States Bankruptcy Court for the Eastern District of New York [Bankr.], Doc. 8). On or about August 31, 2009, appellant filed an amended Chapter 13 Plan ("the Amended Plan") on behalf of debtors in the bankruptcy proceeding. (Bankr. Doc. 25).

On or about September 9, 2009, appellant filed a second amended Chapter 13 Plan ("the Second Amended Plan") on behalf of debtors in the bankruptcy proceeding. (Bankr. Doc. 28). On or about September 18, 2009, following notice and a hearing, the bankruptcy court confirmed the Second Amended Plan. (Bankr. Doc. 29). Thereafter, appellant filed an application, *inter alia*, for compensation pursuant to 11 U.S.C. § 507 in the bankruptcy court. (Bankr. Docs. 30 and 36). In January 2010, appellant filed an amended application for compensation pursuant to 11 U.S.C. § 507[1], seeking attorney's fees in the amount of fifteen thousand three hundred fifty-three dollars and forty-five cents ($15,353.45). (Bankr. Doc. 37). Specifically, appellant claimed, *inter alia*: (a) that he expended ninety-nine (99) hours in representing debtors during the bankruptcy proceeding and charged an hourly rate of three hundred fifty dollars ($350.00) and, thus, was entitled to attorney's fees in the total amount of thirty-four thousand six hundred fifty dollars ($34,650.00); (b) that his total expenses, including payments of debtors' mortgage payments in the amount of eight thousand six hundred ninety-five dollars and sixty-two cents ($8,695.62) from his trust account, equaled nine thousand one hundred five dollars and fifty-five cents ($9,105.55); and (c) that he had already been reimbursed attorney's fees in the amount of

---

[1] The bankruptcy court properly construed appellant's motion as being made pursuant to 11 U.S.C. §§ 329 and 330 and Rules 2016 and 2017 of the Federal Rules of Bankruptcy Procedure.

nineteen thousand seven hundred six dollars and forty-eight cents ($19,706.48). (Id.)

The Chapter 13 trustee Michael J. Macco ("the Trustee") filed opposition to appellant's amended application for compensation. (Bankr. Doc. 38).

By order entered March 19, 2010, following a hearing, the bankruptcy court awarded appellant legal fees in the amount of four thousand dollars ($4,000.00) and reimbursement of expenses in the amount of two hundred seventy-four dollars ($274.00) ("the Award") and directed appellant to disgorge to the Trustee the amount of fifteen thousand four hundred thirty-two dollars and forty-eight cents ($15,432.48), representing all fees and reimbursement of expenses received by appellant for services rendered in the bankruptcy proceeding in excess of the Award. (Bankr. Doc. 40). The bankruptcy court found, *inter alia*: (a) that the bankruptcy proceeding was not complicated and that appellant "performed at an incompetent level" during the proceeding; (b) that the standard fee for a Chapter 13 proceeding in the Eastern District was between four thousand dollars ($4,000.00) and four thousand five hundred dollars ($4,500.00) for an experienced practitioner; and (c) that appellant was entitled to four thousand dollars ($4,000.00) plus filing fees and was not entitled to any additional fees. (Transcript of March 11, 2010 Proceedings [T.], pp. 13-15, 17). Since appellant had already received nineteen thousand seven hundred six dollars and forty-eight cents ($19,706.48) from debtors for services he provided on their behalf during the bankruptcy proceeding, the bankruptcy court directed appellant to disgorge to the Trustee the amount received above the four thousand dollar ($4,000.00) award plus expenses, i.e., the amount of fifteen thousand four hundred thirty-two dollars and forty-eight cents ($15,432.48). (Id. at 14).

On March 29, 2010, appellant filed in the bankruptcy court a notice of appeal to this

3

Court from the March 19, 2010 order of compensation. (Bankr. Doc. 43). The notice and (incomplete) record on appeal were transmitted to this Court on May 5, 2010. (Doc. 1).

## II.    DISCUSSION

### A.    Standard of Review

On an appeal from a bankruptcy court decision, a district court must review findings of fact under a "clearly erroneous" standard. Fed. R. Bankr. P. 8013. Issues of law, on the other hand, are reviewed *de novo*. See In re Vouzianas, 259 F.3d 103, 107 (2d Cir. 2001). In addition, a bankruptcy court's award of attorney's fees is reviewed for abuse of discretion. See Howard v. High River Limited Partnership, 369 B.R. 111, 114 (S.D.N.Y. 2007); In re Cena's Fine Furniture, Inc., 109 B.R. 575, 580 (E.D.N.Y. 1990). "A bankruptcy court's decision with regard to compensation for services performed during bankruptcy proceedings deserves great deference." Howard, 369 B.R. at 114; see also In re Poseidon Pools of America, 216 B.R. 98, 100 (E.D.N.Y. 1997) ("The awarding of attorney's fees by a bankruptcy court is a matter within its discretion, and the court's decision is rarely set aside.")

"[T]he district court * * * may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

### B.    Legal Fees Award

Appellant contends, *inter alia*, that the bankruptcy court abused its discretion in awarding a "grossly deficient" amount of legal fees.

11 U.S.C. § 330(a)(1) permits a bankruptcy court to award, *inter alia*, to a debtor's

4

attorney, "(A) reasonable compensation for actual, necessary services rendered by the * * * attorney * * *; and (B) reimbursement for actual, necessary expenses." Section 330(a)(2) permits the court to "award compensation that is less than the amount of compensation that is requested." The factors to be considered by the court in determining the amount of reasonable compensation to be awarded to a debtor's attorney based upon "the nature, the extent, and the value of [the] services" rendered by the attorney include:

> "(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a [bankruptcy] case * * *; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) * * * whether the [attorney] * * * has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than [bankruptcy] cases."

11 U.S.C. § 330(a)(3). In addition to those factors, in a Chapter 13 proceeding in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney based on a consideration of the benefit and necessity of the services rendered by the attorney for representing the interests of the debtor in connection with the bankruptcy proceeding. 11 U.S.C. § 330(a)(4)(B). "The applicant * * * bears the burden of proof on [his] claim for compensation." Howard, 369 B.R. At 115.

The bankruptcy court did not abuse its discretion in awarding appellant compensation less than the amount sought. The bankruptcy court considered many of the factors set forth in Section 330(a)(3) and found, *inter alia*, that appellant's lack of experience in the bankruptcy field, "incompetency" during the relatively simple bankruptcy proceeding and potential impropriety in accepting payments during the pendency of the bankruptcy proceeding did not

justify the amount of compensation sought by appellant. Those factual findings by the bankruptcy court are not clearly erroneous. Accordingly, the bankruptcy court's Award is affirmed.

### C.    Disgorgement to Trustee

Appellant contends, *inter alia*, that disgorgement was not an appropriate remedy absent a finding of unjust enrichment and that the bankruptcy court misapplied the law in ordering the turnover of legal fees to the Trustee instead of to debtors.[2]

11 U.S.C. § 329(b) provides, in relevant part, that if the compensation sought by an attorney who represented a debtor in a bankruptcy proceeding "exceeds the reasonable value of any such services, the court may * * * order the return of any such payment, to the extent excessive, to– (1) the estate, if the property transferred– (A) would have been property of the estate; or (B) was to be paid by or on behalf of the debtor under a plan under chapter * * * 13 of this title * * *."

Accordingly, the bankruptcy court did not commit legal error, or otherwise abuse its discretion, in directing return of the amount paid by debtors to appellant for legal services rendered during the bankruptcy proceeding to the Trustee.

### D.    Request for Avoidance of Second Mortgage Lien

---

[2] Appellant indicates that in accordance with the "implicit" "oral direction" of the bankruptcy judge, he "issued [an] immediate refund [of the payments for legal fees by debtors] to the debtors[] in the amount of $15,296.55 (minor discrepancy if any due to different accounting methods) on March 19, 2009." (Appellant's Brief, p. 8). Appellant contends that "[c]ompliance with the belated turnover Order in question * * * therefore is impossible." (Id.)

Appellant contends, *inter alia* that the bankruptcy court "neglected its judicial duty" by failing to address the branch of his application seeking "to clarify Plan avoidance of the second mortgage lien." (Appellant's Brief, p. 8). In his application to the bankruptcy court, appellant sought avoidance of a second mortgage lien on debtors' property under 11 U.S.C. § 506 for lack of underlying security, i.e., the first purchase money mortgage on debtors' property exceeds the fair market value of the underlying property, and to treat the second mortgage account balance as an "unsecured claim entitled to pro rata distribution under the [Second Amended] [P]lan."[3]

The United States Trustee contends, *inter alia*, that appellant was required to seek this relief in an adversary proceeding commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, which requires, with one exception not relevant here, that any determination of "the validity, priority, or extent of a lien or other interest in property," be made in an adversary proceeding.

By his application, appellant seeks to "strip off" the second mortgage lien, i.e., to avoid the entire lien on the basis that there is no collateral value for a mortgage. See, e.g. In re Swiatkowski, No. 09-00168, 2009 WL 3202611, at * 1 n. 1 (Bankr. D. D.C. Sept. 29, 2009). Generally, Rule 3012 of the Federal Rules of Bankruptcy Procedure allows the bankruptcy court to determine the value of collateral securing an allowed claim pursuant to Section 506(a) on motion, provided notice and an opportunity to be heard are afforded to the secured creditor. See In re Robert, 313 B.R. at 549-550 (adopting the "majority view" that no adversary proceeding is needed simply to value and declare void a totally unsecured claim "because lien avoidance is the

---

[3] Pursuant to 11 U.S.C. § 506(d), a lien is void if it "secures a claim against the debtor that is not an allowed secured claim," i.e., the lien exceeds the amount of the allowed secured claim. See, In re Robert, 313 B.R. 545,549 (N.D.N.Y. 2004).

inevitable by product of valuing a claim, which is accomplished by motion pursuant to Bankruptcy Rule 3012," provided, however, that the debtor explicitly states within the motion that the validity, extent, or priority of the lien are not at issue); In re Millspaugh, 302 B.R. 90, 97 (D. Idaho 2003) (holding that "no adversary proceeding is required and that Rule 7001(2) is not implicated when a debtor seeks to value an allegedly wholly unsecured claim against a residence for purposes of stripping off that lien *unless* that debtor seeks to otherwise contest the validity, extent or priority of the lien in addition to valuing it." (Emphasis in original)).

Nonetheless, appellant's application to the bankruptcy court did not clearly seek only to value and declare void the second mortgage lien on debtors' property. Rather, appellant's application also seemingly sought a determination, *inter alia*, of the validity of the second mortgage lien. For example, appellant indicated in his application, *inter alia*, that the claim of the "second mortgage lien, *if any*, * * * is null and void * * *." (Emphasis added).[4] Moreover, it is not clear that appellant properly provided the holder of the second mortgage lien with notice of his application, buried as it was in his application for legal fees, and, in any event, upon the bankruptcy court's refusal to address the issue of lien avoidance during the hearing on attorney's fees, appellant never requested a separate hearing on the lien avoidance issue or otherwise renewed his application for avoidance of the second mortgage lien. Accordingly, the bankruptcy court did not err in failing to address the branch of appellant's application seeking avoidance of the second mortgage lien on debtors' property pursuant to Section 506.

---

[4] Similarly, in his brief on appeal, appellant seemingly challenges, *inter alia*, the validity of the second mortgage lien, insofar as he refers to the lien in his brief as "the *purported* second mortgage lien", (Appellant's Brief, p. 8) (emphasis added), and "the *alleged* second mortgage lien," (Id. at 9 n. 8) (emphasis added), and he refers to the holder of the second mortgage lien as the "*alleged* mortgagee," (id at 8, 9) (emphasis added).

To the extent debtors challenge the validity, priority or extent of the second mortgage lien on their property, they must commence an adversary proceeding in the bankruptcy court pursuant to Bankruptcy Rule 7001(2). If not, debtors may re-file a motion on notice pursuant to Bankruptcy Rule 3012 seeking avoidance of the second mortgage lien under Section 506, and explicitly indicating that they are not challenging the validity, priority or extent of the second mortgage lien, with proof of proper service on the second mortgage lien holder and any other interested party.

III.   CONCLUSION

For the foregoing reasons, the order of the bankruptcy court is affirmed.

**SO ORDERED.**

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 31, 2011
       Central Islip, New York